GEORGE W. DEWEES v. THE MANHATTAN INSURANCE COMPANY.

1. In contracts of insurance a representation differs from a warranty, and from a condition expressed in the policy, in that the former is part of the preliminary proceedings which propose the contract, and the latter is part of the contract when completed. The validity of the entire contract depends upon the truth or fulfillment of the warranties and conditions expressed therein; and non-compliance is a breach of the contract which makes it void; but a misrepresentation, to avoid the policy, must have been in a material matter, or have been made with a fraudulent intent.

2. Conditions of insurance annexed to a policy, and by the terms of the policy made part of the contract, have the same force and effect as if contained in the body of the policy.

3. A plea, making defence under a condition in the policy, or annexed to it, and made part of the policy, which sets out the condition, and alleges non-compliance in the language of the condition, is good; but a plea setting up a misrepresentation collateral to the contract of insurance in avoidance of the policy, must show that it was in a material matter, or that it was fraudulently made.

4. A special plea, alleging facts which will maintain the defence under the general issue, is not necessarily bad, as amounting to the general issue. In *assumpsit*, in a special agreement where the right of action depends on a condition, precedent performance of which is alleged in the declaration, the defendant, instead of pleading the general issue, may deny the alleged performance and put himself upon the country; and where the condition and its performance are not alleged in the declaration, the defendant may avail himself of a special issue on the performance, by putting the condition on the record and averring non-compliance; in which case the plea should conclude with a verification.

Dewees v. Manhattan Insurance Co.

In *assumpsit* on a policy of insurance against loss by fire. On motion to strike out pleas.

Argued at February Term, 1870, before BEDLE, DALRIMPLE, and DEPUE, Justices, by

*G. A. Allen* and *A. V. Van Fleet,* for the motion.

*E. T. Green,* contra.

DEPUE, J. The motion is to strike out the fourth, fifth, sixth, seventh, eighth, ninth, tenth, and eleventh pleas.

These pleas each commence with *actio non,* and conclude with a verification. The substantive averments in each are as follows:

In the fourth plea, "that after the said loss or damage, the plaintiff was duly required in writing, by the defendants, to produce and exhibit his books of account and other vouchers to the defendants, yet he wholly neglected and refused, and from thence hitherto hath wholly neglected and refused so to do, contrary to the tenor and effect of the said ninth condition."

In the fifth plea, "that after the said loss or damage, the plaintiff was duly required in writing, by the defendants, to produce to and for them certified copies of any bills or invoices of property destroyed or damaged, the originals of which might have been lost, mislaid, or destroyed, but that although the plaintiff did then, &c., pretend and insist that all the bills and invoices were lost, mislaid, or destroyed, yet he, the said plaintiff, neglected and refused to produce certified copies of the said bills and invoices of the property destroyed or damaged as aforesaid, the originals of which were by him alleged to have been lost, mislaid, or destroyed, &c., contrary to the tenor and effect of the said ninth condition."

In the sixth plea, "that the plaintiff, at the time of the making, effecting, obtaining, and execution of the said policy

of insurance, to wit, &c., did make various and divers, to wit, fifty misrepresentations to the said defendants touching the risk to be assumed by the said defendants, by reason whereof the said policy of insurance became and was void," &c.

In the seventh plea, "that the said plaintiff, at the time of the making, effecting, obtaining, and execution of the said policy of insurance, to wit, &c., did make concealment touching the risk by these defendants to be assumed in and by said policy to said defendant, by reason whereof the said policy of insurance became and was void," &c.

In the eighth plea, "that the said plaintiff, at the time of the making, effecting, obtaining, and execution of the said policy of insurance, caused the said building on which said insurance was effected to be described otherwise than as it really then was, so that the same was insured at a lower premium than the terms and conditions and classes of hazard aforesaid to the said policy annexed, and in the said declaration mentioned and set out, did require, by reason whereof the said policy became and was void and of no force and effect," &c.

In the ninth plea, "that the plaintiff, at the time of effecting, obtaining, and execution, of the said policy of insurance, to wit, &c., did misrepresent the uses and purposes to which the building so insured was by the plaintiff put, so as to cause the said insurance to be effected at a lower premium than ought to have been, and contrary to the terms and conditions of the said policy, by reason whereof said policy was void and of no force."

In the tenth plea, "that the plaintiff, after effecting the said insurance, and before the happening of the loss or damage to the property intended to be insured, to wit, &c., and during the existence of said policy, did increase the risk by means within his own control, whereby and by force of the said second condition the said policy became and was void and of no effect," &c.

In the eleventh plea, "that the plaintiff, after the making

of the said policy of insurance, and during its existence, to wit, &c., did, by the occupation of the said premises so insured for more hazardous purposes than were permitted by the said policy, increase the risk assumed by the defendants, whereby the said policy became void and of no effect," &c.

The second condition of insurance annexed to the policy is set out in full in the pleas, and the ninth condition in part.

The pleas in question are of two classes: such as make defence under some one of the conditions of insurance contained in the policy, and such as depend upon matters collateral to the contract in discharge of the defendant's liability thereon. This distinction it is important to keep in view in considering the legal sufficiency of the several pleas, as the character of the defence and the nature of the proof by which it shall be sustained are different, according as defence is made, under a condition in the contract or upon a matter collateral thereto. In contracts of insurance a representation differs from a warranty and from a condition expressed in the policy, in that the former is part of the preliminary proceedings which propose the contract, and the latter is part of the contract when completed. Consequently, the validity of the entire contract depends upon the truth or fulfillment of the warranties and conditions expressed therein, and a non-compliance is an express breach of the contract, and of itself makes the contract void; whereas, a misrepresentation, to avoid the policy, must have been in a material matter, or have been made with a fraudulent intent.

A misrepresentation in an immaterial matter, not fraudulently intended, will not avoid the policy unless made in reply to a specific inquiry, in which latter case the party contracting to insure, by making specific inquiry, implies that he considers the fact inquired into material, and the other party is bound by it as such. *Angell on Ins.*, §§ 140, 142, 147, 147 *a ;* 1 *Phillips on Ins.*, §§ 539, 542, 866; *Ellis on Ins.* 28, 29, 30 ; *New Castle Fire Insurance Co.* v. *McMorran,* 3 *Dow* 255 ; *Pawson & Watson,* 2 *Cowp.* 785; *Anderson* v. *Fitzgerald,* 4 *H. of L. Cas.* 484 ; *S. C.,* 24 *Eng.*

*L. and Eq.* 1 ; *Wheelton* v. *Hardisty,* 8 *E. & B.,* 232 ; *Farmers' Ins. Co.* v. *Snyder,* 16 *Wend.* 481 ; *Gates* v. *Madison County Ins. Co.,* 2 *Comst.* 44 ; 1 *Smith's Lead. Cas.* 270, *(notes to Carter & Boehm ;) Insurance Co.* v. *Woodruff,* 2 *Dutcher* 541.

Upon this distinction between the effect of a condition or warranty in the contract and a representation collateral thereto, the validity of these pleas must be decided. They seem to have been drawn by the pleader without regard to this distinction, in that all of them which are upon conditions in the policy do not contain the usual allegations of reference to the condition on which they are based ; and others contain a reference to conditions in the policy for their support, when no such conditions appear on the record or in the policy.

The sixth, seventh, tenth, and eleventh pleas are framed upon the second of the conditions of insurance, which is in the following words : " If any person effecting insurance in this company shall make any misrepresentations or concealment touching the risk to be assumed, or if, during the existence of this policy or any renewal thereof, the risk shall be increased by any means within the control of the insured, or by the occupation of the premises for more hazardous purposes than are permitted by this policy, this policy shall be void."

The conditions of insurance annexed to the policy are, by the terms of the policy, made part of the contract between the parties, and have the same force and effect as if contained in the body of the policy. *Duncan* v. *Sun Fire Ins. Co.,* 6 *Wend.* 488 ; *Jennings* v. *The Chenango County Ins. Co.,* 2 *Denio,* 75 ; *Wall* v. *Howard Ins. Co.,* 14 *Barb.* 383.

The objection made to these pleas is, that they are defective in the want of sufficient certainty in their substantive allegations, in that they do not allege the facts upon which their allegations must in proof necessarily depend ; and the insistment is, that the pleader should have stated the specific representations as to the risk assumed that were made when

the insurance was effected, and in what their falsity consisted; what facts, the disclosure of which was incumbent on the plaintiff, were by him concealed from the defendants; and by what means within the plaintiff's control the risk was increased.

The argument of the plaintiff's counsel is, that the court cannot determine whether the misrepresentation, concealment, &c., were in such matters as that, if proved, will amount to a defence, unless the facts on which the allegations of the pleader depend, are spread out at large on the face of the pleas.

The pleas allege non-compliance in the language of the condition. The general rule is, that where a question of law is not involved, it is sufficient that the breach be assigned in the words of the contract or condition. 1 *Chitty's Pl.* 332. As a question of law, every condition expressed in a fire policy, if not complied with, defeats the insurance. 1 *Phillips on Ins.* 464, § 866.

A statement of the condition and non-compliance with it, in the language employed by the parties, is all that is requisite to the legal sufficiency of the pleading. Whether misrepresentations, &c., were made, and whether they affected the risk to be assumed, and whether the premises, during the continuance of the policy, were occupied for more hazardous purposes than permitted by the policy, are questions of fact to be passed upon by the jury.

In respect to the generality of the allegations, these pleas are in conformity with established precedents of pleas alleging non-compliance with conditions. 3 *Chitty's Pl.* 1009, 1015, 1017. Other examples of the same generality of statements will be found in the pleadings of the following cases: *Sillem* v. *Thornton*, 3 *E. & B.* 868; *Glen* v. *Lewis*, 8 *Excheq.* 610; *Foster* v. *Mentor Life Assurance Co.*, 3 *E. & B.* 50; *Jones* v. *The Provincial Ins. Co.*, 3 *C. B. (N. S.)* 71; *Wheelton* v. *Hardisty*, 8 *E. & B.* 234; *Small* v. *Gibson*, 16 *Q. B.* 129; *Barrett* v. *Jermy*, 3 *Excheq.* 537; *Cazenove* v. *British Assurance Co.*, 6 *C. B. (N. S.)* 440.

In *Fowkes* v. *Assurance Co.*, 2 *B. & S.* 917, a plea, "that at the time of the making, &c., of the declaration in the policy mentioned, and at the time of the making of the policy, there were divers statements made by the said H. F., in the declaration, which were untrue, and that divers of the particulars in the declaration alleged to be correct and true, were incorrect and untrue, by reason whereof, &c., the policy became and was void," was held bad on demurrer, on the special ground that by the proposal and policy, when read together, the policy was not avoided by an untrue statement, unless it was designedly untrue. By the English practice, the court, if necessary to protect the plaintiff from surprise at the trial, will compel the defendant to deliver particulars of the defence intended to be introduced under such pleas. *Marshall* v. *The Emperor Life Assurance Co., Law Rep.* 1 *Q. B.* 35.

The fourth and fifth pleas are framed upon the ninth condition of insurance annexed to the policy.

In the present condition of the record, it is unnecessary to burthen this opinion by inserting the condition at large. The ground on which the motion to strike out was urged is, that by the terms of that condition, the plaintiff could only be required to produce vouchers or copies of bills and invoices, when the claim is for damages to personal property, and that the portion of the condition which is in question is inapplicable where the claim is, as in this case, for a total loss. A comparison of the ninth condition, as contained in the copy affixed to the declaration, with the condition as set out in the defendant's plea, discloses that the defendant in his pleading has omitted that part of the condition upon which the plaintiff's objection to his pleas arises. As the record stands, the production of vouchers, if required, is made a condition on which the plaintiff's right to recover under any circumstances is made to depend. In this aspect of the nature of the ninth condition, these pleas are in accordance with the precedents, and the question which the plaintiff sought to have decided on this motion must be raised at the trial.

The object of the pleader may have been to found the ninth plea upon the first paragraph of the second condition. To bring the plea within that condition, it should have been averred that the misrepresentation was with respect to the risk to be assumed. The plea as it is must be viewed in the light of a plea of a false representation collateral to the contract.

It is an elementary principle that every pleading must contain sufficient matter, that if its allegations are established by proof, the cause of action or defence is maintained. As a consequence of this principle, a plea setting up a misrepresentation collateral to the contract of insurance, in avoidance of the policy, must show that it was in a material matter, or that it was fraudulently made. The precedents of pleas of this character are framed upon this principle. *Anderson* v. *Thornton*, 8 *Excheq.* 425; *Sillem* v. *Thornton*, 3 *E. &. B.* 868; *Burges* v. *Wickham*, 3 *B. & S.* 671; *Wheelton* v. *Hardisty*, 8 *E. & B.* 234; *Bates* v. *Hewitt, Law Rep.* 2 *Q. B.* 596.

In *Insurance Co.* v. *Southard*, 8 *B. Mon.* 634, the subject is fully considered by Marshall, C. J., in the Court of Appeals of Kentucky.

See, also, *Hodgson* v. *The Marine Ins. Co. of Alexandria*, 5 *Cranch* 100.

The precedents in 3 *Chitty's Pl.* 1009, 1015, on which the defendant's counsel relies to sustain the eighth or ninth pleas, were pleas in actions on policies containing special conditions, to which the pleas referred. The precedent on page 1009, as appears from the author's note, (*note k*) was a traverse of the performance of the condition which had been averred in the plaintiff's declaration.

The ninth plea does not allege that the misrepresentation was fraudulently made, nor that it was as to a material matter. The only allegation that can in any manner be said to touch upon the materiality of the representation is, that it " caused the said insurance to be effected at a lower premium than ought to have been." It is conceded that a

representation as to the condition or use of a building insured, which brings it within a different class of hazards from that in which it really belonged, and for which, by the scale of rates adopted by the company, a less premium is required, is a material representation.   This plea contains no such aver-ment.   The averments in it are entirely consistent with the truth of all the representations made, which affected the risk assumed by the defendants, and will be proved by proof of any immaterial statements carelessly made by the insured, with regard to the purpose for which the building was used, which, unintentionally on his part, may have affected the eagerness or credulity of the agent in fixing the premium to be charged.   If the plaintiff joins issue on the making of the misrepresentation, the plea will be main-tained by proving any difference between the represented and the actual use of the building.   If he tenders an issue on the materiality of the representation, the replication will not be an answer to the plea.   If he traverses the whole plea, by what standard are the jury to determine what premium ought to have been charged ?   In this respect the ninth plea is defective.

The eighth plea is copied from a precedent in 3 *Chitty's Pl.* 1015.   The policy on which that precedent was framed contained a condition making the policy void in case the in-sured should cause the property to be described in the policy otherwise than it really was, so that the same should be charged at a lower premium than was applicable thereto. 3 *Chitty's Pl.* 1013.   The plaintiff's policy does not contain any such condition.   The plea, therefore, cannot be regarded as a plea alleging non-compliance with a condition of insur-ance.   But the description of a building in a policy of insur-ance being always treated as a warranty, and the classifica-tion of hazards attached to the policy being annexed to the plaintiff's declaration, I think that, from the allegation in the plea, that the description of the building, by which the insurance was effected, caused the same to be insured at a lower premium than the terms and classes of hazard annexed

Dewees v. Manhattan Insurance Co.

to the policy required, the materiality of the representation sufficiently appears, and that this plea is good—at least it is not so manifestly frivolous, irregular, or defective that it should be struck out on motion. *Nix. Dig.* 751.\*

The objection that all these pleas amount to the general issue, and must, therefore, be struck out, cannot prevail. The policy not being under seal, and the action an action of *assumpsit*, the defendant may, under the general issue, avail himself of all the defences made by these pleas. 2 *Saund. Pl. & Ev.* 234. But a special plea alleging facts which will maintain the defence under the general issue, does not necessarily amount to the general issue. *Gould on Pl.* 356 ; 1 *Chitty's Pl.* 473. In *assumpsit*, on a special agreement where the right of action depends upon a condition precedent, performance of which is alleged in the declaration, the defendant may, instead of pleading the general issue, deny the alleged performance of the condition, and put himself upon the country. *Gould* 337. Where the condition and its performance are not specially alleged in the declaration, the defendant may, by plea, avail himself of a special issue on the performance, by putting the condition on the record and averring its non-performance. In such cases, the matter being new matter, the plea should conclude with a verification.

The ninth plea is struck out. The motion as to the other pleas is refused. Each party succeeding in part, no costs are allowed to either.

BEDLE and DALRIMPLE, Justices, concurred.

\* *Rev., p.* 868, ¿ 132.     See *S. C.,* 6 *Vr.* 366.